CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

AUG 21 2007

JOHN F. CORCORAN, CLERK
BY:
      /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JOHN BECKER, )
        Plaintiff )
)
v. ) Civil Action No. 7:07cv157
)
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL SECURITY, )
        Defendant )

## MEMORANDUM OPINION

This matter is before the court on plaintiff John Becker's ("Becker") motion to transfer this matter pursuant to 28 U.S.C. § 1406(a). On or about June 21, 2006, Becker filed his appeal of the Commissioner of Social Security's denial of his claim for disability insurance benefits in the United States District Court for the Middle District of Florida. In his complaint, Becker stated he is "a resident of Galax, Virginia."[1] On March 20, 2007, noting that under 42 U.S.C. § 405(g) an appeal of a denial of a claim of social security benefits must be brought in the district court for the district in which the plaintiff resides, the Florida District Court transferred this matter to the Western District of Virginia, where Becker alleged he resided. Becker now seeks to have this matter transferred back to the Middle District of Florida, stating that as of June 2007, he moved to the Middle District of Florida and that this matter should be heard there.

An appeal of a the Commissioner of Social Security's decision must be brought within sixty (60) days of the date denying his claim for benefits in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business. 42

---

[1] The undersigned notes there is some discrepancy in the record as to whether Becker was a resident of the City of Galax or Grayson County, Virginia. However, such discrepancy is irrelevant as both are in the Western District of Virginia.

U.S.C. 405(g) At the time Becker filed his complaint, he stated that he resided in the Western District of Virginia; thus, venue was proper here. See id. Therefore, this matter was properly transferred to this court. See 28 U.S.C. § 1406(a) (which provides that "in the interest of justice, [a district court may] transfer . . . [a case filed in the improper venue] to any district or division in which it could have been brought.")

However, 28 U.S.C. § 1406(a) does not provide a basis to transfer this case back to the Middle District of Florida simply because Becker has moved there. Likewise, 28 U.S.C. § 1404(a) provides no such basis for transfer.[2] Both sections only permit the court to transfer a matter to a district where the action could have been initially brought. Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960) (stating that "the power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff;" therefore if venue was not proper in the first instance the matter may not be transferred to that forum); Goldlwar, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962) (holding that the purpose of § 1406(a) is to allow the court, in the interest of justice, to transfer a case filed in an improper forum to that forum in which the case should have originally been filed so as not to cause the plaintiff undue prejudice and to allow for the expeditious and orderly resolution of disputes). Although Florida may now be the most convenient forum for the plaintiff, plaintiff could not have properly brought this suit there because, at the time he filed his original complaint, he was a resident of the Western District of Virginia, and he did not move to

---

[2]Title 28, section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

2

Case 7:07-cv-00157-SGW-mfu   Document 21   Filed 08/21/07   Page 2 of 3   Pageid#: 73

the Middle District of Florida until more than a year later. As such, the only proper forum was and remains in the Western District of Virginia.[3]

Plaintiff's motion for transfer will be **DENIED** by separate order.

Entered this 20th day of August, 2007.

_____
Michael F. Urbanski
United States Magistrate Judge

---

[3]Becker cites Ryan v. Brady, 776 F.Supp. 1 (D.D.C. 1991), without comment, but his reliance on that case is misplaced. That case involved a challenge by an inmate to suspension of social security benefits while incarcerated. In Ryan, the court determined that as plaintiff never resided in the District of Columbia, there was no basis under 42 U.S.C. § 405(g) to bring the suit there. Likewise, under § 405(g), this suit may only be brought in the Western District of Virginia, where Becker resided at the time he filed suit.

3